UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| REGINALD L. MCCOY, | ) | |
| Petitioner, | ) ) ) | No. 6:12-CV-256-KKC |
| v. | ) ) | |
| J. C. HOLLAND, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

**** **** **** ****

On December 19, 2012,[1] *pro se* Petitioner Reginald L. McCoy filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. McCoy seeks relief from a conviction entered on October 13, 1988, by the Circuit Court for Manatee County, Florida. (DE 1 at 1). In the petition, McCoy raises a claim of ineffective assistance based on counsel's failure to advise McCoy of the consequences of his plea and on counsel's failure to file an appeal in accordance with McCoy's instruction. (DE 1 at 16). In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has conducted an initial review of the petition. For the reasons set forth below, the Court will transfer the petition to the district of the conviction, the United States District Court for the Middle District of Florida, Tampa Division.

McCoy's petition has several deficiencies. On January 2, 2013, his motion to waive payment of the filing fee was denied, and the Court ordered him to pay the $5 filing fee within 21 days or his petition would be denied without prejudice. (DE 4). On January 8, 2013, McCoy sent a letter requesting his cause of action to be modified to reflect that he seeks relief pursuant to § 2254. (DE 5). McCoy also stated in that letter that he was having the filing fee sent shortly. The fee did not arrive in time, but on February 26, 2013, McCoy wrote to explain that it was sent by his family to the wrong courthouse. (DE

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, McCoy affirmed under penalty of perjury that he executed and placed the petition in the prison mailing system on December 26, 2012.

7). The Clerk of the Court, however, had no record of this. On March 4, 2013, McCoy paid the filing fee.

In addition to these late fee payment issues, it is unclear whether McCoy is "in custody" within the meaning of 28 U.S.C. § 2254(a). Under § 2254, "a person in custody pursuant to the judgment of a State court" may seek a writ of habeas corpus on the ground that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a). From the face of McCoy's petition, the Court can't determine whether he is "in custody" pursuant to the Florida state court judgment. The Supreme Court has adopted an "expansive definition of the 'custody requirement' of the habeas statute." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S. Ct. 1123, 1131 (1973); *see also Garlotte v. Fordice*, 115 S. Ct. 1948, 1951 (1995) (recognizing the Court's liberal construction of the "in custody" requirement for purposes of federal habeas). In particular, the Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *See Maleng v. Cook*, 109 S. Ct. 1923, 1925 (1989). McCoy is currently being held in the Eastern District of Kentucky at the United States Penitentiary-McCreary ("USP-McCreary"). It appears that he is in custody pursuant to a federal judgment in the United States District Court for the Middle District of Florida, Case No. 8:90-CR-132-T-17EAJ.[2] This fact, however, does not necessarily indicate that he is not "in custody" pursuant to the state court judgment for the purposes of § 2254. *See Braden*, 93 S. Ct. at 1125.

McCoy contends that he received 18 months of probation from the Circuit Court for Manatee County, Florida, after entering a nolo contendere plea to the count of possession of cocaine on October 13, 1988. (DE 1 at 1). To the extent the sentence is unexpired, "carry[ing] with it possible revocation of suspension or other adverse action," it likely meets § 2254's custody requirement. *See Sammons v. Rodgers*, 785 F.2d 1343, 1345 (5th Cir. 1986). On the other hand, to the extent McCoy "suffers no

---

[2] The Court gathered this information using the federal court system's PACER (Public Access to Court Electronic Records) website, www.pacer.gov. The federal conviction, it seems, is for conduct post-dating and factually unrelated to the state conviction.

2

present restraint" from the conviction, *see Garlotte*, 115 S. Ct. at 1951, he cannot meet the custodial prerequisite for habeas relief.  Whether Broughton currently suffers "present restraint" from his Florida conviction depends upon the particulars of this conviction, as well as Florida law.

Because McCoy's habeas petition raises issues of Florida law, the Court must consider whether the Eastern District of Kentucky is the proper forum to hear his claims.  In *Rumsfeld v. Padilla*, 124 S. Ct. 271, 2722 (2004), the Supreme Court affirmed that, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  The Supreme Court explained, however, that where a prisoner in physical custody in one state challenges a form of nonphysical custody imposed or threatened by another state, "habeas jurisdiction requires only 'that the court issuing the writ have jurisdiction over the custodian."  *Id.* at 2723 (quoting *Braden*, 93 S. Ct. at 1130).

Here, McCoy names as respondent, J.C. Holland, the Warden of USP-McCreary, his immediate physical custodian.  Again, however, McCoy does not contest the validity of the federal conviction resulting in his immediate physical custody.[3]  Rather, he contests a conviction in a Florida state court. Under these circumstances, the proper respondents for the petition may be both Holland, the officer with current physical custody, and the attorney general of the state where judgment was entered.[4]  *See* Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts (Advisory Committee Notes 1976 Adoption, addressing respondent identity in various scenarios involving an attack against other than present custody).  The Court notes, however, that in *Padilla*, the Supreme Court, discussing *Braden*, stated again that the proper respondent to an Alabama prisoner's habeas petition challenging a

---

[3]McCoy, however, has attacked that conviction in a variety of ways over the years in the Middle District of Florida.  In 1999, his § 2254 petition was dismissed without prejudice for failing to comply with the district court's order requiring McCoy to show cause as to why his case should not be dismissed as time-barred.  *See McCoy v. United States*, Case No. 8:98-CIV-2660-T-25A.  More recently, he sought to bring a *Bivens* action related to his federal prosecution and conviction, and the case was dismissed on January 18, 2013.  *See McCoy v. Genzman, USA, et al.*, Case No. 8:13-CV-130-T-30MAP.

[4]On March 7, 2013, McCoy moved to add Florida's attorney general, Pam Bondi, as a respondent.  (DE 9).

3

detainer lodged against him in Kentucky "was not the prisoner's immediate physical custodian (the Alabama warden), but was instead the Kentucky court in which the detainer was lodged." *Padilla*, 124 S. Ct. at 2719. According to the Supreme Court, this "made sense" because the Alabama warden was not the person holding the prisoner "in what was alleged to be unlawful custody." *Id.* (citing *Braden*, 93 S. Ct. at 1129) (internal quotation marks omitted); *see also Kholyavskiy v. Achim*, 443 F.3d 946, 952 n. 6 (7th Cir. 2006); *Holder v. Curley*, 749 F. Supp. 2d 644, 645 (E.D. Mich. 2010). *Padilla* confirmed *Braden*'s validity in non-core proceedings—those not contesting current physical custody. The Supreme Court agreed that in a challenge, as here, to something other than physical confinement, the immediate custodian rule is inapplicable. To the extent that McCoy challenges his Florida conviction, a clearly proper respondent for his petition is the attorney general for Florida, while the propriety of naming the USP-McCreary warden as a respondent is unclear. Because a Florida official has "legal control" over the "challenged custody," and Florida has jurisdiction over the state officer alleged to be holding McCoy in unlawful custody, transfer of McCoy's petition to Florida is permissible. *See Putnam v. Rios*, 2007 WL 2071777, at *4-5 (E.D. Ky. July 19, 2007).

Moreover, the Court finds that transfer to the state of conviction is warranted and appropriate under the standards of 28 U.S.C. § 1404(a).[5] "Common sense dictates that this matter would best be litigated" in Florida, "the district of conviction," because the law and procedures raised by the petition are those of that state. *Holder v. Curley*, 749 F. Supp. 2d 644, 649 (E.D. Mich. 2010). Retaining jurisdiction over McCoy's petitions "would place this court in a bizarre position of potentially setting aside" a Florida state court conviction, "[a] proposition that seems unattainable or at least completely undesirable." *Id.* at 647 (citation omitted). In addition, transfer resolves any questions about this Court's ability to obtain

---

[5] With §1404(a), "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (citation omitted). In making a decision pursuant to § 1404(a), courts should consider several factors, including case-specific factors, public-interest factors, and private concerns. *See id.*

personal jurisdiction over a Florida state official. In other words, Kentucky is not the best forum, and may not even be the correct one, for McCoy's claims.[6]

Accordingly, the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED that Petitioner Reginald L. McCoy's Petition for Writ of Habeas Corpus is hereby **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division.

This 10th day of April, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge

---

[6] Although transferring this case, the Court notes that the habeas statute of limitations may bar McCoy's claims. *See* 28 U.S.C. § 2244(d)(1). On March 19, 2013, McCoy moved for leave to supplement his writ of habeas of corpus regarding a possible waiver of any procedural bar. (DE 10).